IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| ROBERT A. LATHAM, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    v.<br><br>MITCHELL J. STEIN, BILL MATTHEWS, PAMELA M. BUNES, BUDIMIR S. DRAKULIC, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC.<br><br>            Defendants. | : : : : : : : : : : : : : : : | Case No. 08-cv-2995-RBH |

| | | |
|---|---|---|
| DARRYL K. ROTH, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    v.<br><br>MITCHELL J. STEIN, WILLIAM R. MATTHEWS, PAMELA M. BUNES, BUDIMIR S. DRAKULIC, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC.<br><br>            Defendants. | : : : : : : : : : : : : : : : | Case No. 08-cv-3183-RBH |

**DEFENDANT BUDIMIR DRAKULIC'S MOTION TO**
**DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, defendant Budimir Drakulic ("Drakulic") moves to dismiss the claims brought against him under sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

Defendants Signalife, Inc., William R. Matthews, Robert C. Scherne and Kevin F. Pickard have filed a comprehensive Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Motion to Dismiss").  Drakulic joins in the legal arguments presented therein regarding dismissal of plaintiffs' section 10(b) and 20(a) claims, as well as the arguments presented in the motions to dismiss filed by defendants Harmison and Bunes.

Specifically, the claims against Drakulic should be dismissed because he is a non-speaker, and plaintiffs rely only on impermissible group pleading to allege scienter as to him. Other than in the caption, Drakulic's name appears only *four times* in the 124-paragraph, 65-page Consolidated Class Action Complaint (the "Complaint"):  twice to say that Drakulic invented Signalife's EKG technology (¶ 20 and ¶ 39), once to define him as an Individual Defendant (¶ 41), and once to assert that Drakulic had a judgment against him seven years ago, prior to joining Signalife (¶ 25).  Although plaintiffs nitpick that the latter was undisclosed (¶ 25), they do not appear to be basing a 10(b) claim on this allegation, and accordingly it is irrelevant.  *See id.*[1]

---

[1] Even if plaintiffs were trying to establish 10(b) liability against Drakulic based on this allegation, they have failed to show that he had any duty whatsoever to speak. Drakulic did not sign the Company's SEC filings (plaintiffs do not even allege with particularity that he reviewed them), and is not quoted in any of plaintiffs' alleged false statements. Finally, for the same reason that the plaintiffs' claims regarding Stein's alleged control of Signalife are barred by the statute of limitations, so is this allegation against Drakulic, which was publicly disclosed years ago both in court filings and in Internet message boards.

Because they have no specific facts to tie Drakulic to *any* of the purportedly false or misleading statements, plaintiffs aver that he is "liable for the false statements pleaded herein, as…'group published' information, the result of collective actions of the Individual Defendants." (Complaint ¶ 41.) But the Fourth Circuit rejects the "group pleading" doctrine, and requires that plaintiffs "allege facts…that *each* defendant acted with at least recklessness in making the false statement." *Teachers' Ret. Sys. of La. v. Hunter,* 477 F.3d 162, 184 (4th Cir. 2007) (emphasis in original).

Moreover, there are no particularized factual allegations supporting *any* inference of scienter as to Drakulic—no confidential witnesses, no stock sales, nothing. Therefore, plaintiffs fail to state a claim (or even support any elements of a claim) against Drakulic, and he must be dismissed from the litigation. 15 U.S.C. § 78u-4(b)(3)(A).

For the reasons discussed above and in the various motions to dismiss, as well as this previous Court's Order determining the same, plaintiffs' claims against Drakulic should be dismissed.

Pursuant to Local Civil Rule 7.04, no supporting memorandum is required because a full explanation of the motion as set forth in Local Civil Rule 7.05 is contained within this motion and a memorandum would serve no useful purpose.

          Respectfully submitted,

          s/Susan P. McWilliams
          Susan P. McWilliams Fed. ID # 3351
          smcwilliams@nexsenpruet.com
          NEXSEN PRUET LLC
          1230 Main Street, Suite 700 (29201)
          Post Office Drawer 2426
          Columbia, South Carolina 29202-2426

October 8, 2009          Tel:  803-253-8277
          Fax:  803-727-1476

Columbia, South Carolina

Paul R. Bessette (admitted *pro hac vice*)
bessettep@gtlaw.com
Jesse Z. Weiss (admitted *pro hac vice*)
weissjz@gtlaw.com
Laura L. Moriaty (admitted *pro hac vice*)
moriatyl@gtlaw.com
GREENBERG TRAURIG LLP
300 West 6th Street, Suite 2050
Austin, TX 78701
Tel: 512.320.7200
Fax: 512.320.7210

Counsel for Defendants SignaLife, Inc., William R. Matthews, Kevin F. Pickard, Robert C. Scherne, and Budimir Drakulic