UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ROBERT A. LATHAM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-cv-2995-RBH |
| BILL MATTHEWS, PAMELA M. BUNES, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC., | ) ) ) ) ) | |
| Defendants | ) | |
| | | |
| DARRYL K. ROTH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-cv-3183-RBH |
| WILLIAM R. MATTHEWS, PAMELA M. BUNES, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT PAMELA M. BUNES'S OPPOSITION TO LEAD PLAINTIFFS'**
**<u>MOTION FOR RECONSIDERATION</u>**

Defendant Pamela M. Bunes respectfully submits this Opposition to Lead Plaintiffs' Bryan D. Harris, Mark Taylor, and Greg Taylor ("Plaintiffs") Motion for Reconsideration (the "Motion" or "Mot.").

## I.     INTRODUCTION

Defendant Bunes incorporates the arguments in Defendants Budimir Drakulic, Robert C. Scherne, and Kevin F. Picard's Opposition to Lead Plaintiffs' Motion for Reconsideration as if fully set forth herein.

## II.     THE *MERCK* DECISION

Defendant Bunes incorporates the arguments in Defendants Budimir Drakulic, Robert C. Scherne, and Kevin F. Picard's Opposition to Lead Plaintiffs' Motion for Reconsideration as if fully set forth herein.

## III.     PLAINTIFFS HAVE KNOWN THE FACTUAL BASIS FOR THEIR CLAIM FOR YEARS

Defendant Bunes incorporates the arguments in Defendants Budimir Drakulic, Robert C. Scherne, and Kevin F. Picard's Opposition to Lead Plaintiffs' Motion for Reconsideration as if fully set forth herein.

Defendant Bunes further argues that Plaintiffs were on notice of her alleged scienter since she began as CEO of Signalife in April 2005.  The Court allowed Plaintiffs' Section 10(b) claim to continue as to her, reasoning that if the Sparks and Fink lawsuit were sufficient to put Plaintiffs on notice of their claims, they must also be sufficient to put her on notice of the same alleged wrongdoing.  (Docket Index ("D.I.") 73 at 36-37, 42.) This same logic applies here—if Plaintiffs can demonstrate scienter solely based on the allegations in the Sparks and Fink lawsuits along with Defendant Bunes's position in the Company, then they had notice of her

1

alleged scienter the entire time she held that position, which was from April 2005 to August 2007.

Furthermore, Plaintiffs were specifically on notice of Defendant Bunes's alleged scienter with regard to the Stein Claim based on the allegations in the Fink and Sparks Suits. Both Fink and Sparks were former CEOs of the Company, the same position held by Defendants Bunes. If in fact Stein was the "Chief Architect" of the Company, exercised "complete control and dominance," and "the corporation acts only at the discretion and under the control of Stein," it would be virtually impossible for Bunes to *not* know that this was occurring, according to Plaintiffs' own allegations about what Signalife's executives knew. (D.I. 52, Ex. 4 ¶¶ 3-4; D.I. 55 ¶ 91, 92.) As Plaintiffs allege, it is, after all, the CEO's responsibility to make the decisions on behalf of the Company, the same type of decisions that Sparks and Fink alleged Stein himself was making. Plaintiffs therefore were on notice of the facts underlying Defendant Bunes's alleged scienter for their Stein Claim while she held the position of CEO, which was more than two years before they filed suit.

Plaintiffs should have inferred Defendant Bunes's alleged scienter with regard to the Marketability Claim when they first learned, or a reasonably diligent plaintiff should have learned, of the allegation that the F-100 was not commercially viable. In the Sparks Suit, Sparks alleged that Stein and Drakulic falsely represented to him that the "heart monitoring technology was capable of being developed and brought to market," when Sparks believed that the "heart monitoring device remain[ed] in development and in all probability [would] not be ready for market for several years." (D.I. 52, Ex. 4 ¶¶ 29, 31.) The Court sustained Plaintiffs' scienter claim against Defendant Bunes based on the allegation that she was "intimately involved in the sales and production activities" of the Company. (D.I. 73 at 37 (citing Bunes Opp. at 3-6).)

2

Plaintiffs do not claim that they first learned of Defendant Bunes's involvement in the sales and production activities at the end of the class period, or at any other specific time during the class period. In fact, Plaintiffs had this knowledge the *entire time* that she held the position of CEO, beginning in April 2005. Plaintiffs should have inferred Bunes's alleged scienter back in 2005 based on the Sparks allegations that the F-100 was not commercially viable and the knowledge that she was "intimately involved in the sales and production activities." Because Plaintiffs had notice of Bunes's alleged scienter more than two years ago, their Stein and Marketability Claims against her is barred by the statute of limitations.

### IV.    PLAINTIFFS' CLAIMS ARE EITHER TIME BARRED OR THEY HAD NO PROPER BASIS TO BRING THEM ORIGINALLY

Defendant Bunes incorporates the arguments in Defendants Budimir Drakulic, Robert C. Scherne, and Kevin F. Picard's Opposition to Lead Plaintiffs' Motion for Reconsideration as if fully set forth herein.

### V.    EVEN IF PLAINTIFFS' CLAIMS ARE NOT TIME-BARRED, THEY SHOULD OTHERWISE BE DISMISSED

Defendant Bunes incorporates the arguments in Defendants Budimir Drakulic, Robert C. Scherne, and Kevin F. Picard's Opposition to Lead Plaintiffs' Motion for Reconsideration as if fully set forth herein.

### VI.    CONCLUSION

For the foregoing reasons, Defendant Bunes respectfully request that the Court deny Plaintiffs' Motion for Reconsideration.

Date:   June 25, 2010

                              Respectfully submitted,

*THE TOLLISON LAW FIRM, P.A.*

s/Elizabeth M. McMillan
Elizabeth M. McMillan
Federal Bar No. 5527
Beth.mcmillan@thetollisonlawfirm.com
s/L. Walter Tollison, III
L. Walter Tollison, III
Federal Bar No. 4117
Walt.tollison@thetollisonlawfirm.com
24 Vardry Street, Suite 203
Greenville, South Carolina  29601
Phone:  (864)  451-7038
Fax:     (864)  451-7591

*Counsel For Defendant Pamela M. Bunes*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on June 25, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.  I further certify that I authorized the foregoing document to be served by U.S. Mail to Counsel for Signalife, Inc.:

Jared J. Scharf  
Law Office of Jared J. Scharf, Esq.  
1025 Westchester Avenue, Suite 305  
White Plains, NY 10604  
Tel: 914.368.7445  
Fax: 914.428.3199  

Edwin Russell Jeter, Jr., Esquire  
Jeter & Williams, PA  
P.O. Box 7425  
Columbia, SC 29202  

                                              /s/Elizabeth M. McMillan