UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ROBERT A. LATHAM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08-cv-2995-RBH |
| BILL MATTHEWS, PAMELA M. BUNES, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC., | ) ) ) ) ) ) | |
| Defendants | ) | |
| | | |
| DARRYL K. ROTH, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08-cv-3183-RBH |
| WILLIAM R. MATTHEWS, PAMELA M. BUNES, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT LOWELL T. HARMISON'S OPPOSITION TO LEAD PLAINTIFFS'
MOTION FOR RECONSIDERATION**

Defendant Lowell T. Harmison ("Dr. Harmison") joins in the memorandum in opposition to the Lead Plaintiffs' Bryan D. Harris, Mark Taylor, and Greg Taylor ("Plaintiffs") Motion for Reconsideration filed by Defendants Budimir Drakulic, Robert C. Scherne, and Kevin F. Pickard. In addition to the arguments there presented, Dr. Harmison presents the following facts relating to the scienter allegations as to him.

1

Dr. Harmison joined the Signalife board of directors on June 6, 2003 and served a short term as interim CEO from March 26, 2005 through April 15, 2005 and remained as co-CEO through July 15, 2005. He later served as president and CEO from July 2, 2007 until he resigned in May 2008. (Amended Complaint ¶ 36). As reflected in the Form 4s filed with the SEC, Dr. Harmison has not sold any Signalife shares, and plaintiffs do not allege that he did. Plaintiffs allege that, because of Dr. Harmison's position with Signalife during some portion of the class period, he must have known certain statements relating to the viability and marketability of the product were false and misleading. (*See* Amended Complaint ¶¶ 41, 91, 121). As with Defendants Scherne and Pickard, Plaintiffs had knowledge of Dr. Harmison's role within the company the entire time he held those positions. Thus, to the extent scienter is imputed based on Dr. Harmison's title (an impermissible inference under the PSLRA), those facts were known more than two years before the complaint was filed and any such claims are barred by the statute of limitations.

        Respectfully submitted,

By:     ___/s/ _Sarah P. Spruill_____
        Manton M. Grier (D.S.C. No. 2461)
          mgrier@hsblawfirm.com
        John C. Bruton (D.S.C. No. 1543)
          jbruton@hsblawfirm.com
        Robert Y. Knowlton (D.S.C. No. 2380)
          rknowlton@hsblawfirm.com
        Sarah P. Spruill (D.S.C. No. 8054)
          sspruill@hsblawfirm.com
1201 Main Street, 22nd Floor
Columbia, South Carolina 29201-3226
Tel: (803) 779-3080
Fax: (803) 765-1243

*Attorneys for Defendant Lowell T. Harmison*

June 25, 2010

2