IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ROBERT A. LATHAM, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MITCHELL J. STEIN, BILL MATTHEWS, PAMELA M. BUNES, BUDIMIR S. DRAKULIC, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL R. HARMISON, MARVIN H. FINK and SIGNALIFE, INC.,<br><br>Defendants. | Civil Action No. 6:08-2995-RBH<br><br>**O R D E R** |
| DARRYL K. ROTH, individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MITCHELL J. STEIN, WILLIAM R. MATTHEWS, PAMELA M. BUNES, BUDIMIR S. DRAKULIC, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL R. HARMISON, MARVIN H. FINK and SIGNALIFE, INC.,<br><br>Defendants. | Civil Action No. 6:08-3183-RBH |

This matter is before the court on the motion of defendants Pickard, Scherne and Drakulic to enforce the Private Securities Litigation Reform Act of 1995 ("PSLRA") stay. Defendants Bunes, Harmison, and Signalife, Inc. have filed motions to join in the motion to enforce the stay. The motions, which were filed in each of the above-captioned cases, were

referred to this court for adjudication by the Honorable R. Bryan Harwell, United States District Judge.

## **BACKGROUND**

The plaintiffs are putative class members in consolidated actions involving alleged violations of federal securities laws and regulations. The defendants are a medical device corporation and certain employees, officers, and board members of that corporation. For their consolidated class action complaint, the plaintiffs have alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. 15 U.S.C. § 78a, *et seq.*; 17 C.F.R. § 240.10b-5.

On February 11, 2009, defendants Signalife, Inc., Harmison, Matthews, Scherne, Pickard, and Bunes filed various motions to dismiss the plaintiffs' complaint. On September 4, 2009, Judge Harwell entered an order granting in part and denying in part the motions to dismiss and staying the case pending the Supreme Court's decision in *Merck & Co., Inc. v. Reynolds*, 129 S.Ct. 2432 (2009). Judge Harwell's order provided that the plaintiffs could seek reconsideration of the court's dismissal of certain claims, which were based on statute of limitations grounds, after *Merck* was issued and the court-imposed stay was lifted.

After being served with the complaint on or about September 2, 2009, defendant Drakulic filed a motion to dismiss on October 8, 2009. The plaintiffs filed their opposition to Drakulic's motion to dismiss on October 29, 2009, and on November 9, 2009, Drakulic filed a reply in support of his motion. On December 23, 2009, Judge Harwell granted the parties' joint motion to stay the determination of Drakulic's motion to dismiss until February 9, 2010. On May 11, 2010, Judge Harwell lifted the stay imposed by the September 4, 2009 order, including the stay relating to Drakulic's motion to dismiss. On June 8, 2010, the plaintiffs moved for reconsideration of the September 4, 2009, order denying in part and granting in part

2

the defendants' joint and separate motions to dismiss. The motion to reconsider and Drakulic's motion to dismiss remain pending.

On June 16, 2010, the plaintiffs sent defendants a letter requesting a Rule 26(f) conference. Counsel for defendants Pickard, Scherne, and Drakulic (the "moving defendants") responded on June 18 that a Rule 26(f) conference was inappropriate because the automatic discovery stay under the PSLRA was in effect. On June 21, the moving defendants received by mail a request for production of documents and a Rule 30(b)(6) deposition notice to Signalife. Also on June 21, the plaintiffs sent another letter contending that the PSLRA stay was not in effect and threatening to move to compel under Rule 37. The moving defendants responded the next day, reiterating their position that the PSLRA discovery stay applies, and the plaintiffs again disagreed. The instant motion was filed by the moving defendants on June 25, and the plaintiffs filed their opposition on July 12. The motion was referred to this court by Judge Harwell on July 19, and the moving defendants filed a reply on July 21. A hearing on the motion was held before this court on August 17 by telephone.

## **APPLICABLE LAW AND ANALYSIS**

The moving defendants argue that the PSLRA requires that discovery be stayed until the court has decided defendant Drakulic's motion to dismiss or the plaintiffs' motion to reconsider, whichever is later. Having carefully considered the briefs, exhibits, and oral arguments of the parties, the court denies the motion.

The PSLRA states:

In any private action arising under this Act, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).

3

The moving defendants argue the statute is unambiguous, and the stay applies during the pendency of *any* motion to dismiss. This court disagrees. As stated by the United States District Court for the Southern District of New York in *In re Global Crossing, LTD. Securities Litigation*, "The statute does not specify how the stay is to be applied in cases involving multiple defendants bringing multiple motions to dismiss." 322 F.Supp.2d 319, 352 (S.D.N.Y. 2004). Similarly, the United States District Court for the District of Massachusetts has stated as follows:

> Defendants argue that the language "all discovery shall be stayed ... during the pendency of any motion to dismiss" is plain on its face and should be interpreted as precluding discovery, even as to those four defendants whose motions to dismiss were denied, so long as any other defendant's motion to dismiss is pending.
>
> A close reading of the statutory provision suggests that its meaning is not as plain as defendants contend. The language "all discovery ... shall be stayed during the pendency of any motion to dismiss" suggests two competing reasonable interpretations. One, which defendants support, would read "any" as "all," suggesting that no discovery may proceed against any party to an action until all motions by all parties are resolved. The provision could also be read to mean that all discovery against a party must be stayed during the pendency of any motion to dismiss filed by that party. I conclude that the provision is ambiguous on its face.

*In re Lernout & Hauspie Securities Litigation*, 214 F.Supp.2d 100, 105 (D. Mass. 2002). The court then looked to the legislative history of the PSLRA and determined that "[i]t does not appear that Congress specifically considered the scenario of multiple defendants with multiple motions to dismiss." *Id.* at 106. This court agrees.

The PSLRA's stay of discovery provision "clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*'" *SG Cowen Sec. Corp. v. U.S. Dist. Court for Northern Dist. of CA*, 189 F.3d 909, 912-13 (9th Cir. 1999) (citing S.Rep. No. 104-98, at 14 (1995) reprinted in

4

U.S.C.C.A.N. 693) (emphasis in original). In *In re Salomon Analyst Litig.*, the district court stated:

> The purpose of the [PSLRA] stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until 'after the Court has sustained the legal sufficiency of the complaint.' In a case where the court *has* already sustained the legal sufficiency of the complaint, this purpose has been served. To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse.

373 F.Supp.2d 252, 254-55 (S.D.N.Y. 2005) (citation omitted; emphasis in original).

The court in *In re Lernout* concluded that allowing discovery to proceed against the four defendants whose motions to dismiss had been denied was appropriate as "discovery against those defendants cannot be deemed merely a 'fishing expedition' to find a sustainable claim. Senate Report at 14, 693. Nor can discovery against those defendants be an attempt to force 'innocent parties to settle frivolous class actions.' Conference Report at 37, 735." *In re Lernout*, 214 F.Supp.2d at 106. Similarly, the purpose of the statutory stay has been served in this case, and discovery should proceed as to defendants Signalife, Inc., Harmison, Matthews, Scherne, Pickard, and Bunes. The complaint in this case was filed nearly two years ago. The court's September 4, 2009, order found the plaintiffs' complaint is legally sufficient as to defendants Signalife, Inc., Harmison, Matthews, Scherne, Pickard, and Bunes. There is no indication the plaintiffs need to or intend to use discovery to replead any of their claims. Furthermore, discovery will proceed as to these defendants regardless of whether defendant Drakulic's motion to dismiss is granted. In addition, discovery will proceed as to these defendants whether or not the plaintiffs' motion for reconsideration is granted or denied as the motion requests only that the court reconsider its decision to dismiss two claims under the statute of limitations based on the *Merck* decision. Accordingly, this court finds that the motion to enforce the PSLRA stay should be denied, and discovery should proceed as to defendants Signalife, Inc., Harmison, Matthews, Scherne, Pickard, and Bunes.

## **CONCLUSION**

Based upon the foregoing,

IT IS ORDERED that the motions of defendants Bunes, Harmison, and Signalife, Inc. to join in the motion to enforce the PSLRA stay are granted. The motion to enforce the PSLRA stay is denied.

                                                  s/Kevin F. McDonald
                                                  United States Magistrate Judge

August 20, 2010

Greenville, South Carolina