# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| ROBERT A. LATHAM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 6:08-cv-02995-JMC |
| v. | ) ) | |
| BILL MATTHEWS, PAMELA M. BUNES, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |
| DARRYL K. ROTH and THE TAYLOR GROUP, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 6:08-cv-03183-JMC |
| v. | ) ) | |
| MITCHELL J. STEIN, WILLIAM R. MATTHEWS, PAMELA M. BUNES, BUDIMIR S. DRAKULIC, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC., | ) ) ) ) ) ) ) | **OPINION AND ORDER** |
| Defendants. | ) ) | |

This matter is before the court on Defendant Signalife, Inc.'s ("Signalife") Motion to Disqualify Counsel Greenberg Traurig, LLP and Paul Bessette ("Bessette") [C.A. No. 6:08-cv-02995-JMC, Doc. # 184 and C.A. No. 6:08-cv-03183-JMC, Doc. # 172] from representing any other

1

party in the instant consolidated actions, or in any matter related hereto. Signalife asserts that Greenberg Traurig and Bessette's representation of individual defendants, Kevin F. Pickard ("Pickard"), Robert C. Scherne ("Scherne"), Pamela Bunes ("Bunes"), and Budimir Drakulic ("Drakulic") (collectively, the "GT Clients") constitutes a conflict of interest that is or may be adverse to Signalife's interest as former clients of Greenberg Traurig and Bessette. The matter has been fully briefed by the relevant parties and the court held argument on the motion on December 14, 2010.

## FACTUAL AND PROCEDURAL HISTORY

The following are the pertinent facts taken from the statements in the briefs, the pleadings and affidavits filed with the court and from arguments before the court.

Signalife is a publicly traded technology company with all of its operations in and around Los Angeles, California. In late 2008, William Matthews, Rowland Perkins and Willie Gault, individually, and Signalife, acting through its co-chief executive officers, Rowland Perkins and Willie Gault, retained the law firm of Akin, Gump, Strauss, Hauer & Feld, LLP ("Akin Gump") and specifically, Bessette, a partner in Akin Gump, to represent them in connection with the present class action and an investigation by the Securities and Exchange Commission. At the time of this original representation, Bessette obtained an engagement letter indicating that there were no conflicts between or among identified Signalife principals and that other Signalife officers or directors, including Bunes and Scherne, who would likely become clients.

On or around January 26, 2009, after receiving permission from Akin Gump, Bessette notified Signalife, Pickard, Scherne and Matthews that he intended to leave Akin Gump for Greenberg Traurig, LLP and sought and received permission from each of them to transfer their files

and continue the joint representation at Greenberg Traurig. Bessette and Greenberg Traurig continued to represent Signalife, Pickard, Scherne and Matthews in this action for another ten months, including at the August 25, 2009 argument on these Defendants' joint motion to dismiss. On or about September 15, 2009, Bessette began to represent Drakulic jointly with his other clients and, shortly thereafter, filed a motion to dismiss in this action on behalf of Drakulic while he and Greenberg Traurig jointly represented Signalife, Matthews, Scherne and Pickard. Signalife did not object to Bessette's representation of Drakulic at that time.

In late October 2009, Signalife and Matthews terminated Greenberg Traurig's representation in this action. Signalife now asks this court to disqualify Bessette and Greenberg Traurig's representation of Pickard, Bunes, Scherne, and Drakulic on the grounds of conflict of interest and breach of confidentiality.

## DISCUSSION

The court has a "duty to maintain the highest ethical standards of professional conduct to insure and preserve trust in the integrity of the bar." *In re Asbestos Cases*, 514 F. Supp. 914, 925 (E.D. Va. 1981) (citing *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 518 F.2d 751, 757 (2d Cir. 1975); *Hull v. Celanese Corp.*, 513 F.2d 568, 569 (2d Cir.1975). The South Carolina Code of Professional Responsibility establishes the ethical standards governing the practice of law in this court. Local Rule 83.I.08, RDE Rule IV DSC. "It is the court's responsibility to use its disqualification power to see that those who practice before the court adhere to the South Carolina Code." *Clinton Mills, Inc. v. Alexander & Alexander, Inc.*, 687 F. Supp. 226, 228 (D.S.C. 1988).

Disqualification is a drastic remedy, and the moving party has a high standard of proof to demonstrate that disqualification is required. *See Evans v. Artek Systems Corp.*, 715 F.2d 788, 791

3

(2d Cir. 1983); *Tessier v. Plastic Surgery Specialists, Inc*., 731 F. Supp. 724, 729 (E.D. Va. 1990). To warrant disqualification under the circumstances of successive representation, the moving party must meet the requirements of the substantial relationship test by showing: (1) that an attorney-client relationship existed between the alleged former client; and (2) that the former representation and the current controversy are substantially related. *See Tessier*, 731 F. Supp. at 730 (citing *Allegaert v. Perot*, 565 F.2d 246, 250 (2d Cir.1977)). However, "before the substantial relationship test is even implicated, it must be shown that the attorney was in a position where he could have received information which his former client might reasonably have assumed the attorney would withhold from his present client." *Allegaert*, 565 F.2d at 250. When a motion to disqualify an attorney is based on an asserted breach of confidentiality or conflict of interest, the trial court must examine all relevant factors including the combined effect of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel, and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes requires vigorous representation of parties by independent counsel unencumbered by conflicts of interests. *See Palumbo v. Tele-Communications, Inc.*, 157 F.R.D. 129 (D.D.C. 1994); *see also Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir.1992) (taking into account the practical considerations of disqualifying counsel). The court is also aware that the disqualification of a party's chosen counsel is a serious matter which cannot be based on imagined or improbable scenarios of conflict. *See Richmond Hilton Associates v. City of Richmond*, 690 F.2d 1086, 1089 (4th Cir. 1982) (finding that an "actual or likely" conflict of interest is required before the court will disqualify counsel).

Signalife alleges that disqualification is necessary because a conflict of interest may arise if Signalife brings claims against the individual GT Clients arising from various allegations of disloyalty to the company. Signalife further asserts that Bessette's continued representation of the GT Clients will result in a breach of confidentiality. Bessette originally served as counsel for Signalife and the GT Clients under joint representation in the defense of the securities matters at issue in this case. In connection with the joint representation, Signalife acknowledged the diminished expectation of confidentiality among the joint defendants. *See* Engagement Letter dated October 24, 2008 [Doc. 192-2, at 12-18] (noting that "information you provide us in connection with our joint representation may be available to other defendants within this joint representation). Under this arrangement of joint representation and given the disclosures to the parties regarding the lack of privilege existing among the defendants in this circumstance, Signalife had no reasonable expectation that the information received from Signalife, including the documents in the electronic database, would be kept from the GT Clients. Accordingly, there is no showing of a breach of confidentiality and disqualification would not further the purpose of the substantial relationship rule.

Additionally, Signalife fails to meet the requirements of the substantial relationship test. The relevant inquiry of substantial relationship is not focused on Bessette's continued representation of the GT Clients in the instant securities matter - a matter in which Signalife and the GT Clients have aligning interests. Instead, the analysis of substantial relationship concerns Signalife's possible, but unasserted, claims against the GT Clients for alleged disloyalties to the company. "Substantially related" has been defined to be "identical" or "essentially the same." *See Tessier*, 731 F. Supp. at 730 (internal citations omitted). Because Signalife's claims of corporate disloyalty cannot be said to be identical or the same as the claims at issue in the securities matter, there is no substantial

5

relationship. Furthermore, Signalife has not made any effort to assert any of its alleged claims against the GT clients. Taking into consideration the serious practical implications of disqualifying counsel, the court finds Signalife's unasserted claims and tenuous assertion of conflict of interest too speculative a basis upon which to bar the GT Clients of their right to counsel of their choice.

Accordingly, Greenberg Traurig and Bessette are not disqualified from service as counsel for the GT Clients.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Signalife's Motion to Disqualify Counsel Greenberg Traurig, LLP and Paul Bessette [C.A. No. 6:08-cv-02995-JMC, Doc. # 184 and C.A. No. 6:08-cv-03183-JMC, Doc. # 172].

**IT IS SO ORDERED.**

                                                  s/ J. Michelle Childs
                                                  United States District Judge

January 6, 2011
Greenville, South Carolina