**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| ROBERT A. LATHAM and THE TAYLOR GROUP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL J. STEIN, BILL MATTHEWS, PAMELA M. BUNES, BUDIMIR S. DRAKULIC, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC.,<br><br>Defendants. | Case No. 6:08-cv-02995-JMC |
| DARRYL K. ROTH and THE TAYLOR GROUP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL J. STEIN, WILLIAM R. MATTHEWS, PAMELA M. BUNES, BUDIMIR S. DRAKULIC, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC.<br><br>Defendants. | Case No. 08-cv-3183-JMC |

**FINAL ORDER AND JUDGMENT**

1

On the 12th day of July, 2011, a hearing having been held before this Court to determine: (1) whether a Class should be certified; (2) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 1, 2011 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above captions, including the release of the Defendants and the Released Parties, and should be approved; (3) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants only and against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (4) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (5) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court, was mailed to all persons or entities reasonably identifiable, who purchased the publicly traded common stock of Signalife, Inc. ("Signalife" or the "Company"), formerly known as Recom Managed Systems, Inc, and now known as Heart Tronics, Inc. during the period between February 10, 2004 and April 14, 2008, inclusive (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of Signalife's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and *Investor's Business Daily* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(a) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action on behalf of all persons who purchased the publicly traded common stock of Signalife during the period between February 10, 2004 and April 14, 2008, inclusive, as defined in the Complaint, and were damaged as alleged in the Action thereby. Excluded from the Class for Settlement purposes only are Defendants, any entity in which a Defendant has or had a controlling interest, members of the Individual Defendants' families and legal representatives, agents, affiliates, heirs and successors-in-interest or assigns of any such excluded party, and all current and former officers and directors of Signalife who are not also Defendants. Again, for Settlement purposes only, the term "controlling interest" shall include any interest of 5% or more of the common stock of any entity. Also excluded from the Class are any putative Class members who exclude themselves by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.

3.     Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) and due process and constituted due and sufficient notice to all persons and entities entitled thereto.

4.     The Settlement is approved as fair, reasonable and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5.     The Complaint, which the Court finds was filed on a good faith basis in accordance with the Section 21D(c)(1) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(c)(1), and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, as against the Defendants, except as provided in the Stipulation.

(a)    Lead Plaintiffs and Members of the Class on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns of any of them, and all persons (now or in the future) acting in concert with, or who purport to act through, such persons, fully, finally and forever waive, release, discharge, dismiss, and are hereby permanently and forever barred and enjoined from instituting, commencing or prosecuting, either directly, derivatively, as a class representative, or in any other capacity, any and all claims, debts, demands, rights or causes of action or liabilities, (including, but not limited to, any claims for damages, injunctive relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on United States federal, state, local, statutory or common law or any other law, rule

or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including, without limitation, both known claims and Unknown Claims (as defined below) (i) that have been asserted in the Action by the Class Members or any of them against any of the Released Parties (whether pleaded in the Complaint or not), or (ii) that could have been asserted in the Action or in any forum by the Class Members or any of them against any of the Released Parties, which also arise out of, relate to, or are based on any of the claims, allegations, activities, press releases or public statements set forth in the Complaint and relate to the purchase, sale, transfer or acquisition of the publicly traded securities of Signalife during the Class Period, or any actions, representations or omissions that were alleged or might have been alleged to affect the price of any publicly traded common stock of Signalife during the Class Period.

(b)     "Released Parties" means Defendants and any and all of their present or former parent companies, divisions, subsidiaries, affiliates, associates, representatives, predecessors, successors, heirs, assigns, executors, administrators and any of their present or former directors, agents, partners, principals, officers, employees, trustees, representatives, insurers, including AXIS Insurance Company, or any of them, and their lawyers and all persons acting by, through, under or in concert with them or any of them.

6.     "Unknown Claims" means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Defendants' Claims which Defendants do not know or suspect to exist in their favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that by operation of the Order and Final Judgment, upon the

4

Effective Date, the Lead Plaintiffs and Defendants shall have expressly waived, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for.

7.     The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on United States federal, state, local, statutory or common law or any other law, rule or regulation, whether foreign or domestic, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, foreseen or unforeseen, whether class or individual in nature, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against each other, the Lead Plaintiffs, any of the Class Members or their attorneys, or the attorneys for the Defendants, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) (the "Settled Defendants' Claims") against each other, the Lead Plaintiffs, any of the Class Members or their attorneys, or the attorneys for Defendants.  Settled Defendants' Claims shall include claims that

5

could be asserted by Mitchell Stein against Lead Plaintiffs or Plaintiffs' Lead Counsel or Plaintiffs' Liaison Counsel in the action *In re Mitchell J. Stein*, 09-cv-14345-BKC-PHG, pending in the United States Bankruptcy Court for the Southern District of Florida. Settled Defendants' Claims shall also include all claims that have been or could be asserted in the action that is captioned *Signalife Inc. v. McMahan, et al.*, No. BC 397448 (Cal. Super. Ct.). The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8. Defendants and each of them, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns and all persons or entities (now or in the future) acting in concert with, or who purport to act through them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting each and every of the Settled Defendants' Claims against the Released Parties in any action or proceeding of any nature.

9. Pursuant to Section 21D(f)(5) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(f)(5), the Released Parties are hereby discharged from all claims for contribution or equitable indemnity, by any person or entity, whether arising under United States federal, state, local, statutory or common law or any other law, based upon, arising out of, relating to, or in connection with the claims of the Class or any Class Member in the Action. Accordingly, to the maximum extent permissible under the Securities Exchange Act of 1934, the Court hereby bars and enjoins all such claims for contribution or equitable indemnity: (a) by any person or entity against any Released Party; and (b) by any Released Party against any person or entity other than a person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and Agreement of Settlement and this Order and Final Judgment.

10. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement; provided, however, that Defendants may refer to the Settlement to effectuate the liability protection granted them hereunder;

(d) construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Class Members that any of their claims are

7

without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

11. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Pursuant to F.R.C.P. 23(g)(1), the Court finds that Plaintiffs' Counsel have satisfied the requirements to be appointed as Class Counsel, as the Court has reviewed the work counsel has done in the action, Class Counsel's handling of the action, knowledge of the applicable law, and the resources that Plaintiffs' Counsel have committed to representing the Class.

14. Pursuant to F.R.C.P. 23(h), Plaintiffs' Counsel are hereby awarded $1,332,000 of the Cash Settlement Amount in fees, which sum the Court finds to be fair and reasonable, and $174,347.96 in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Lead Counsel from the Cash Settlement Amount with interest from the date such the Settlement was funded to the date of payment at the same net rate that the Settlement Fund earns such interest.

15. Lead Plaintiff Bryan D. Harris, Mark Taylor and Greg Taylor, are hereby awarded $17,400 for reimbursement of Lead Plaintiffs' reasonable costs and expenses directly related to their representation of the Class under the §21D(a)(4) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(4).

16. In making an award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $4.00 million in cash that is available to the Class, plus interest thereon as applicable, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) over 11,000 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 33 1/3 % of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $250,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiff's Counsel contained in the Notice;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) Defendants have denied and continue to deny liability and have vigorously defended against the claims asserted in the Action;

(e) The Action involves complex factual and legal issues and was actively prosecuted over two years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(g) Plaintiff's Counsel have devoted over 2,376.15 hours, with a lodestar value of $1,113,407.50, to achieve the Settlement; and

(h) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

9

17. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for attorney and other fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

18. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: July 12, 2011

          s/ J. Michelle Childs
          UNITED STATES DISTRICT COURT JUDGE