IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ROBERT A. LATHAM and THE TAYLOR GROUP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL J. STEIN, BILL MATTHEWS, PAMELA M. BUNES, BUDIMIR S. DRAKULIC, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC.,<br><br>Defendants. | : : : : : : : : : : : : : : : : : | Case No. 6:08-cv-02995-JMC |
| DARRYL K. ROTH and THE TAYLOR GROUP, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MITCHELL J. STEIN, WILLIAM R. MATTHEWS, PAMELA M. BUNES, BUDIMIR S. DRAKULIC, ROBERT C. SCHERNE, KEVIN F. PICKARD, LOWELL T. HARMISON, MARVIN H. FINK and SIGNALIFE, INC.<br><br>Defendants. | : : : : : : : : : : : : : : : : : : : | Case No. 08-cv-3183-JMC |

ORDER GRANTING LEAD PLAINTIFFS'
MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND

**WHEREAS,** on April 6, 2011, this Court entered an Order, preliminarily approving the form, substance, and requirements of the Notice of Proposed Settlement of Class Actions (the "Notice") and the Proof of Claim form, and selection of Garden City Group, Inc. ("GCG"), as Claims Administrator [ECF No. 251];

1

**WHEREAS,** on July 13, 2011, this Court entered an Final Order and Judgment Approving Class Action Settlement ("Order"), approving the terms and conditions of the Stipulation and Agreement of Settlement dated March 1, 2011 [ECF No. 258];

**WHEREAS,** this Court, in the Order (at ¶11), upon careful review of the Plan of Allocation, concluded it is fair and reasonable;

**NOW THEREFORE,** upon reading the Declaration of Stephen J. Cirami of GCG in Support of Lead Plaintiffs' Motion For Distribution of Class Settlement Fund ("Cirami Decl."), and Lead Plaintiffs' Memorandum of Law filed herewith, and based upon all prior proceedings herein and after due deliberation, it is hereby:

**ORDERED** that the administrative determinations of GCG accepting the claims indicated in ¶¶15-21 to Cirami Decl., including claims postmarked after June 20, 2011, but received through and including December 2, 2011, are approved, and such claims are accepted;

**ORDERED** that any claim received after December 2, 2011 is and will be rejected;

**ORDERED** that the administrative determinations of GCG rejecting the claims indicated on Exhibit C-III to the Cirami Decl. are approved and such claims are rejected;

**ORDERED** that GCG be paid the additional sum of $50,969.44 from the Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration and disbursement of the Net Settlement Fund;

**ORDERED** that the balance of the Settlement Fund after deduction of the payments previously allowed and those set forth herein (the "Net Settlement Fund") shall be distributed to the eligible Claimants listed on Exhibits C-I and C-II to the Cirami Decl. in accordance with the Plan of Allocation and the Distribution Plan set forth in ¶¶ 25-26 of the Cirami Decl.;

**ORDERED** that the payments to be distributed to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID 90 DAYS AFTER ISSUE DATE." Plaintiffs' Counsel and GCG are authorized to take appropriate action to locate and/or contact any eligible Claimant who has not cashed his, her, or its distribution within said time;

**ORDERED** that if any amount remains in the Net Settlement Fund and it is determined to be cost effective, not less than one year after this distribution, a further distribution of the Net Settlement Fund should be conducted, pursuant to which all funds from undeliverable, uncashed, or returned checks, and payment of any unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Fund, shall be distributed to Authorized Claimants who cashed their distribution checks, and who would received a least $10.00 from such redistribution;

**ORDERED** that if any funds remain in the Net Settlement Fund after six months after such redistribution, or if redistribution is not made because it was deemed not cost effective, then such balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s) designated by Lead Plaintiffs' Counsel after notice to the Court and subject to direction, if any, by the Court;

**ORDERED** that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxations of the Settlement Fund or the Net Settlement Fund, including Plaintiffs' Counsel and GCG, are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order;

**ORDERED** that GCG is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible Claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible Claimants, and;

**ORDERED** that this Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED.

*J. Michelle Childs*

UNITED STATES DISTRICT JUDGE
THE HONORABLE J. MICHELLE CHILDS

Greenville, South Carolina
December 13, 2011

Respectfully submitted by:

  /s/ Terry E. Richardson, Jr.
Terry E. Richardson, Jr. (#3457)
RICHARDSON PATRICK
WESTBROOK & BRICKMAN LLC
1730 Jackson Street
Barnwell, SC 29812
Tel: (803) 341-7850
Fax: (803) 541-9625
trichardson@rpwb.com

*Liaison Counsel for Plaintiffs*

Joseph P. Guglielmo (admitted *pro hac vice*)
SCOTT+SCOTT LLP
500 Fifth Avenue, 40th Floor
New York, NY  10110
Tele: (212) 223-6444
Fax: (212) 223-6334
jguglielmo@scott-scott.com

David R. Scott (admitted *pro hac vice*)
SCOTT+SCOTT LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Tel: (860) 537-5537
Fax: (860) 537-4432
drscott@scott-scott.com

4